O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD COTE, | ) | Case No. CV 10-02959 DDP (JCGx) |
| Plaintiff, | ) ) | **Order Granting Defendant Western Medical Center's Motion to** |
| v. | ) ) | **Dismiss (Docket No. 3)** |
| CITY OF SANTA ANA et al., | ) ) | [Motion filed on May 20, 2010] |
| Defendants. | ) ) | |

This matter comes before the Court on Defendant Western Medical Center-Anaheim ("Defendant" or "Western Medical Center")'s Motion to Dismiss. Having reviewed the parties' moving papers, the Court GRANTS the Motion.

**I.   Background**

Plaintiff Edward Cote ("Plaintiff") alleges that Defendants Western Medical Center and Dr. Ravinder Singh ("Singh"), a Western Medical Center employee, negligently held Plaintiff against his will without probable cause. (Compl. 18:21-25.)

///

The relevant background facts are as follows.[1] At approximately 8:30 p.m. on November 26, 2008, officers from the Santa Ana Police Department responded to Plaintiff's home after he placed a 911 call. (Compl. 5:15-18.) A physical altercation broke out between Plaintiff and the officers responding to the call, and the officers subsequently handcuffed Plaintiff and detained him in a squad car outside his home for approximately three hours. (Compl. 5:18-6:5.) Detective Sargent Bollinger then determined that Plaintiff required a mental disorder evaluation pursuant to California Welfare and Institutions Code § 5150.[2] (Compl. 6:10-13.)

---

[1] The Court takes the facts alleged in Plaintiff's complaint as true, as it must in ruling on Rule 12(b)(6) motion to dismiss. <u>Vasquez v. Los Angeles County</u>, 487 F.3d 1246, 1249 (9th Cir. 2007).

[2] California law provides that
> When any person, as a result of mental disorder, is a danger to others, or to himself or herself, or gravely disabled, a peace officer, member of the attending staff, as defined by regulation, of an evaluation facility designated by the county, designated members of a mobile crisis team provided by Section 5651.7, or other professional person designated by the county may, upon probable cause, take, or cause to be taken, the person into custody and place him or her in a facility designated by the county and approved by the State Department of Mental Health as a facility for 72-hour treatment and evaluation.
>
> Such facility shall require an application in writing stating the circumstances under which the person's condition was called to the attention of the officer, member of the attending staff, or professional person, and stating that the officer, member of the attending staff, or professional person has probable cause to believe that the person is, as a result of mental disorder, a danger to others, or to himself or herself, or gravely disabled. If the probable cause is based on the statement of a person other than the officer, member of the attending staff, or professional person, such person shall be liable in a civil action for intentionally giving a statement which he or she knows to be false.

Cal. Welf. & Inst. Code § 5150.

2

1    The officers first transported Plaintiff to the University of
California-Irvine Medical Center.  (Compl. 6:15-17.)  They
subsequently transferred him to Western Medical Center sometime in
the late evening of November 26, 2008 or early morning of November
27, 2008.  (Compl. 6:25-26.)  Dr. Singh conducted an intake
interview and preliminary evaluation.  (Compl. 7:4-16.)  At
approximately 3:00 p.m. on November 27, 2008, Dr. Singh notified
Plaintiff that he did not meet the criteria for a § 5150 hold
(i.e., that there was not probable cause to believe that Plaintiff
posed a threat to himself or others as a result of a mental
disorder), but that he would not be released until the following
day because of Western Medical Center's policy against releasing
patients after 3:00 p.m.  (Compl. 18:25-19:2.)  Dr. Singh
eventually authorized Plaintiff's release sometime in the morning
of November 28, 2008.  (Compl. 19:23-25.)  Plaintiff alleges that
Western Medical Center was negligent in failing to release him
immediately upon concluding that a § 5150 detention was not
warranted.

   Defendant subsequently reported Plaintiff's involuntary
detention to the California Department of Justice ("Cal DOJ").[3]
Cal DOJ later denied Plaintiff's application to purchase a gun on
the basis of the involuntary detention report that Defendant
submitted.  (Compl. 20:12-15.)  Plaintiff contends that Defendant's

---

[3] Pursuant to California law, a facility holding an individual for a § 5150 detention "shall immediately, on the date of admission, submit a report to the Department of Justice . . . containing information that includes, but is not limited to, the identity of the person and the legal grounds upon which the person was admitted to the facility."  Cal. Welf. & Inst. Code § 8103(f)(2).

3

negligent mental health assessment, and subsequent inaccurate report to Cal DOJ, resulted in a temporary restriction on his ability to own, possess, or sell firearms. (Compl. 19:2-6.) He further alleges that, as a result of the Cal DOJ report, he was forced to bring a legal challenge to the firearm prohibition at his own expense. (Compl. 19:2-6, 21:13-16.) He filed this action against Western Medical Center, Dr. Singh, the City of Santa Ana, Santa Ana Police Chief Paul M. Walters (in his official capacity), and Santa Ana Police Officers Bollinger, Beatly, and Vargas (in their official and individual capacities) on April 21, 2010. Plaintiff's sole claim against Defendant Western Medical Center is for negligence.

Defendant filed a Motion to Dismiss Plaintiff's negligence claim on May 20, 2010 (Dkt. No. 3.) Plaintiff filed an Opposition on June 7, 2010, (Dkt. No. 19), and Defendant filed a Reply, (Dkt. No. 21), along with an Objection to Plaintiff's Opposition on June 11, 2010, (Dkt. No. 22).[4]

**II.  Legal Standard**

In <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), the Supreme Court laid out the following methodological approach for testing the adequacy of a plaintiff's complaint:

---

[4] Plaintiff's Opposition ran afoul of Central District Local Rule 7-9, which requires that any opposition to a motion be filed no later than 21 days prior to the designated hearing date. Defendant's Motion to Dismiss was filed on May 20, 2010 and a hearing date was set for June 21, 2010. Accordingly, Plaintiff's response was due no later than June 1, 2010. Plaintiff filed his Opposition on June 7, 2010 – one week too late. The Court will consider Plaintiff's late filing for the purposes of ruling on Defendant's Motion to Dismiss, but orders Plaintiff to comply with Central District Local Rules, the Federal Rules of Civil Procedure, and this Court's standing order in all future filings.

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950. The complaint's "non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

**III. Discussion**

Defendant moves to dismiss Plaintiff's negligence claim on three alternative grounds: 1) the claim is time-barred; 2) Defendant has statutory immunity to detain and evaluate Plaintiff pursuant to California Welfare and Institutions Code §§ 5150, 5152, 5278; and 3) the Court lacks subject matter jurisdiction over the state-law negligence claim because the claim does not arise from the same facts as those underlying Plaintiff's federal claims (i.e., his federal civil rights claims, pursuant to 42 U.S.C. § 1983, against the City of Santa Ana and several City of Santa Ana Police Department employees). Because the Court concludes that Plaintiff's negligence claim is time-barred, the Court does not reach Defendants' alternative grounds for dismissal.

5

In California, the statute of limitations for a professional negligence action against a health care provider begins to run "three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first."[5] Cal. Civ. Proc. § 340.5.  Because Western Medical Center satisfies the statutory definition of a health care provider, see Cal. Civ. Proc. Code § 340.5(1), § 340.5 provides the applicable statute of limitations for Plaintiff's negligence claim.

In personal injury actions, California courts follow the discovery rule, i.e., the rule "that the accrual date of a cause of action is delayed until the plaintiff is aware of her injury and its negligent cause." Jolly v. Eli Lilly & Co., 44 Cal.3d 1103, 1109 (1988).  The limitations period generally begins to run "once the plaintiff has notice or information of circumstances to put a reasonable person on inquiry.  A plaintiff need not be aware of the specific 'facts' necessary to establish the claim . . . ." Id. at 1110-11.

According to Plaintiff's complaint, Dr. Singh notified him that "she was going to let him go" and that he did not meet the criteria for a § 5150 hold on November 27, 2008, sometime in the afternoon. (Compl. 7:16-17, 18:25-26.)  Plaintiff was then notified that he would not be released immediately because of

---

[5] "'Professional negligence' means a negligent act or omission to act by a health care provider in the rendering of professional services, which act or omission is the proximate cause of a personal injury or wrongful death, provided that such services are within the scope of services for which the provider is licensed and which are not within any restriction imposed by the licensing agency or licensed hospital." Cal. Civ. Proc. Code § 340.5(2).

6

Defendant's policy against releasing patients after 3:00 p.m. (Compl. 19:1-2.) Such notice would cause a reasonable person to suspect wrongdoing on Defendant's part. See Nelson v. Indevus Pharmaceuticals, Inc., 48 Cal. Rptr. 3d 668, 671 (Ct. App. 2006) (concluding that "[a] plaintiff has reason to discover a cause of action when he or she has reason at least to suspect a factual basis for its elements"). Further, the injury that Plaintiff allegedly suffered – unnecessary involuntary detention – unquestionably occurred no later than November 28, 2008. Accordingly, the statute of limitations for Plaintiff's negligence action began to run on November 27, 2008, or at the latest upon his release from the hospital on November 28, 2008, and concluded on either November 27, 2009 or November 28, 2009. Plaintiff's claim against Defendant, filed on April 21, 2010, is therefore time-barred.

Plaintiff's discovery of Defendant's report to Cal DOJ on July 3, 2009, and the contents of his psychiatric medical records on November 2, 2009, is insufficient to toll the statue of limitations. On November 28, 2008, Plaintiff suspected (or should have suspected) that Defendant had unreasonably detained him beyond the scope of its authority. "So long as a suspicion exists, it is clear that the plaintiff must go find the facts; she cannot wait for the facts to find her." Jolly, 44 Cal.3d at 1111. Accordingly, the statute of limitations began to run when Plaintiff had the initial suspicion that his detention was improper, not when he discovered additional collateral facts that, at least arguably, support his negligence claim.

**IV. Conclusion**

7

For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss with prejudice.

IT IS SO ORDERED.

Dated: June 23, 2010

DEAN D. PREGERSON
United States District Judge